CORRECTED

# In the United States Court of Federal Claims

No. 21-1596T
Filed Under Seal: October 28, 2021
Filed: November 23, 2021
NOT FOR PUBLICATION[1]

|  |
|---|
| **BRENDA L. WHITE,**<br><br>    *Plaintiff*,<br><br>v.<br><br>**UNITED STATES,**<br><br>    *Defendant*. |

### MEMORANDUM OPINION AND ORDER

***HERTLING*, Judge**

      The plaintiff, Brenda L. White, acting *pro se*, filed this action against the United States on July 20, 2021.  The plaintiff claims that the United States, acting through the Internal Revenue Service ("IRS"), owes her a tax refund in the amount of $26,898 for interest the plaintiff paid on her mortgage between 2007 and 2018.

      In a motion accompanying her complaint, the plaintiff sought leave to proceed *in forma pauperis*.  On July 22, 2021, the Court granted that motion.

      On September 20, 2021, the defendant moved to dismiss the plaintiff's complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted under Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC").  The plaintiff was directed to file any opposition by October 18, 2021.  On October 25, 2021, the plaintiff filed a document opposing the defendant's motion and explaining why it had been sent after the October 18 deadline.  Treating the document as a motion for leave to file her opposition to the motion to dismiss late, the Court granted the motion and ordered the document to be filed.  The Court has considered the plaintiff's opposition in resolving the defendant's motion.

      Because the plaintiff did not file timely amended returns with the IRS for calendar years 2007 through 2009 and 2011 through 2016, the Court lacks jurisdiction to consider her claim for refunds for those years.  For the remaining years the plaintiff claims she is owed a tax refund, the

---

[1] Because this memorandum opinion contains personal information related to the plaintiff's finances, it was filed under seal on October 28, 2021, and the parties were given until November 22, 2021 to propose any redactions.  On November 22, 2021, the parties informed the Court that no redactions were necessary.  Accordingly, the memorandum opinion is being released in full.

plaintiff fails to state a claim upon which relief can be granted.  Accordingly, the defendant's motion to dismiss is granted and the complaint dismissed.

I.     BACKGROUND

In considering the defendant's motion to dismiss, the Court assumes the facts alleged in the plaintiff's complaint to be true.  This summary of the facts does not constitute findings of fact but is simply a recitation of the plaintiff's allegations and the record before the Court.

The plaintiff seeks a refund of "all [mortgage] interest paid from 2007 through 2018 [totaling] $26,898.00." (Compl. at 2.)  The plaintiff alleges that between 2007 and 2018 she continued to pay her mortgage, including interest, even though she did not have "to file taxes because [she] was off work due to an injury."  (*Id.*)  She seeks to take advantage of the income-tax deduction for payments made on interest charges on mortgages (the "mortgage-interest deduction").  *See* 26 U.S.C. § 163(h)(3) (provisions of Title 26, the Internal Revenue Code, will be referenced hereafter as "I.R.C.").  The plaintiff alleges that she has "been back and forth between [her] mortgage company and [the] IRS," and that each tells her to "seek from the other" the money she claims is due her.  (*Id.* at 2.)  According to the plaintiff, her mortgage company has indicated that the plaintiff "paid to [the] IRS, and, [the] IRS was supposed to pay [sic]" her.[2]  (*Id.* at 3.)

A. The Plaintiff's Original Tax Filings from 2007 through 2018

The defendant, in an appendix attached to its motion to dismiss, has submitted relevant IRS records for the plaintiff.  The Court may consider these records, cited hereafter as "App'x" with page numbers generated by the Court's electronic filing system, in resolving disputed jurisdictional facts.  *See Shoshone Indian Tribe of Wind River Rsrv., Wyo. v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012).

From 2007 to 2018, the records supplied by the defendant reflect that the plaintiff's income fell below the threshold amount that would obligate her to file a tax return under I.R.C. § 6012(a).  (App'x at 6-23.)  The income-tax returns the plaintiff filed during these years reflect that she had no federal income-tax liability.  (*Id.*)

For the 2007 tax year, the plaintiff paid taxes via income-tax withholdings and refundable credits.  (*Id.* at 15-16.)  The plaintiff filed a tax return on June 16, 2008 and received two refunds in June 2008.

For the 2008 tax year, the plaintiff paid taxes via income-tax withholdings and refundable credits.  (*Id.* at 17-18.)  The plaintiff filed a tax return on March 16, 2009 and an amended tax return on March 19, 2009.  She received two refunds—one on April 1, 2009 and the other on May 29, 2009.

---

[2] In her opposition to the defendant's motion, the plaintiff appears to continue to rely on her understanding that the interest charges she paid to her mortgage company had been paid over, in turn, to the federal government. (Brief in Opp. To Mot. to Dismiss at 1 ("I would like to receive interest paid to the IRS for my mortgage. . . .").)

For the 2009 tax year, the plaintiff filed a tax return on March 4, 2010. (*Id.* at 19.) She was not issued a refund for that tax year.

For the 2010 tax year, the plaintiff paid taxes via income-tax withholdings. (*Id.* at 20-21.) The plaintiff filed a tax return on May 15, 2011. She was issued a refund on March 22, 2013 and an interest credit on April 1, 2013.

For the 2011 tax year, the plaintiff filed a tax return on July 27, 2015. (*Id.* at 22.) She was not issued a refund for that tax year.

The plaintiff does not appear to have filed tax returns for tax years 2012 through 2016. (*Id.* at 23-28.)

For the 2017 tax year, the plaintiff paid taxes via income-tax withholdings. (*Id.* at 29.) The plaintiff filed a tax return on November 23, 2020. She was issued a refund on November 16, 2020 and an interest credit on November 23, 2020.

For the 2018 tax year, the plaintiff paid taxes via income-tax withholdings. (*Id.* at 31.) The plaintiff filed a tax return on March 1, 2021. She was issued a refund on February 22, 2021 and an interest credit on March 1, 2021.

B. **The Plaintiff's Amended Tax Returns**

For each of tax years 2007, 2008, and 2011 through 2015, the plaintiff filed on August 15, 2019 an amended tax return, apparently seeking additional refunds for those years.[3] (*See id.* at 15-27.) In these filings, the plaintiff requested a refund of $3,536.25 and attached a letter from her mortgage company listing that amount as the "[m]ortage interest received from borrower." (*Id.* at 4.) On October 21, 2019 the IRS determined the plaintiff was not owed refunds for any of these years. (*Id.* at 16.)

For tax year 2009, the plaintiff does not appear to have filed an amended return. (*Id.* at 19.)

For tax year 2010, IRS account transcripts indicate that the plaintiff filed an amended tax return on September 2, 2011, a second amended return on December 14, 2011, a third amended

---

[3] The only amended tax return form included in the defendant's appendix reflects that the plaintiff sought a refund for tax year 2011. (App'x at 2-4.) The IRS Account Transcripts for tax years 2007 through 2008 and 2012 through 2015, also included in the appendix, reflect that the plaintiff also filed amended returns for these years on the same date on which she filed her amended return for 2011. (*Id.* at 15-27.) For the purposes of resolving this motion, the Court assumes the accuracy of the plaintiff's IRS transcripts.

3

return on September 4, 2012, a fourth amended return on December 26, 2012, and a fifth (and final) amended return also on December 26, 2012.  (*Id.* at 20-21.)

For tax years 2016 through 2018, the plaintiff appears to have attempted to file on November 27, 2019 an amended return that the IRS refused to accept for filing.  (*See id.* at 28-32.)

## II.   STANDARD OF REVIEW

The plaintiff has the burden of establishing jurisdiction by a preponderance of the evidence.  *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).  If the Court finds that it lacks subject-matter jurisdiction over the plaintiff's claim, RCFC 12(h)(3) requires the Court to dismiss the claim.

To determine jurisdiction, the "court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id*.  When a plaintiff's jurisdictional facts are challenged, only those factual allegations that the government does not controvert are accepted as true.  *Shoshone Indian Tribe of Wind River Rsrv. v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012).  The court is not "'restricted to the face of the pleadings'" in resolving disputed jurisdictional facts.  *Id.* (quoting *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993), *cert. denied*, 512 U.S. 1235 (1994)).  Courts may review evidence outside the pleadings.  *Id.*

The plaintiff is proceeding *pro se*.  As a result, her pleadings are entitled to a more liberal construction than the Court would give to pleadings prepared by a lawyer.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Giving a *pro se* litigant's pleadings a liberal interpretation and construction does not divest a *pro se* plaintiff of demonstrating that the allegations of the complaint satisfy the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain.  *See Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017); *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

In construing a *pro se* litigant's pleadings liberally, a court does not become an advocate for that litigant.  Rather, the court ensures that the *pro se* litigant's pleadings are construed in a manner that gives the litigant every opportunity to make out a claim for relief.

## III.   DISCUSSION

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act itself does not "create[ ] a substantive right enforceable against the Government by a claim for money damages." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003). Instead, the Tucker Act limits this court's jurisdiction to causes of action based on separate money-mandating statutes and regulations. *Metz v. United States*, 466 F.3d 991, 995-98 (Fed. Cir. 2006).

The defendant argues that (1) the Court lacks subject-matter jurisdiction to consider the plaintiff's tax-refund claims for tax years 2007 through 2009 and 2011 through 2016; and that (2) for the remaining years the plaintiff claims to be due a tax refund, the plaintiff has failed to state a claim upon which relief may be granted.

### A. Subject-Matter Jurisdiction

Section 1346 of Title 28 of the United States Code establishes the Court's jurisdiction over:

> Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

28 U.S.C. § 1346(a)(1).

Under this statute, the Court of Federal Claims possesses "undisputed" authority to adjudicate claims for refunds of federal income taxes. *Gluck v. United States*, 84 Fed. Cl. 609, 612 (2008) (citing *CNG Transmission Mgmt. VEBA v. United States*, 84 Fed. Cl. 327, 328 (2008)); *Radioshack Corp. v. United States,* 82 Fed. Cl. 155, 158 (2008).

Before the Court of Federal Claims may exercise subject-matter jurisdiction over a claim for a tax refund, a plaintiff must satisfy certain jurisdictional prerequisites. Pertinent here, under I.R.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax . . . until a claim for refund or credit has been duly filed." *See Gregory v. United States*, 149 Fed. Cl. 719, 722 (2020) ("the plaintiff must duly file a tax refund claim with the IRS.").

"In order to be 'duly filed,' a taxpayer must file an administrative claim for refund or credit within the time limitations of [I.R.C] § 6511(a)." *Doyle v. United States*, 88 Fed. Cl. 314, 319 (2009) (citing *United States v. Dalm*, 494 U.S. 596, 601-02 (1990)). I.R.C. § 6511(a) provides that a claim for "credit or refund . . . shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later." Section 6511(a) is "jurisdictional in nature, and a suit that fails to satisfy this provision *must* be dismissed for lack of subject matter jurisdiction." *Orlova v. United States*, 347 F. App'x 578, 580 (Fed. Cir. 2009) (emphasis added) (citing *Comm'r of Internal Rev. v. Lundy*, 516 U.S. 235, 240 (1996)).

For tax years 2007, 2008, and 2011 through 2015, the plaintiff does not meet the jurisdictional prerequisite of having submitted to the IRS a "duly filed" claim for a refund. For

each of these years, she did not file an amended tax return seeking a refund prior to August 15, 2019. That date is more than three years after the date on which she had filed her latest tax return for the years 2007, 2008, and 2011 through 2015. (*See* App'x at 2-4 and 15-27.)

The plaintiff's claims for those years also fall outside § 6511(a)'s two-year limitation on filing a claim for refund after the tax has been paid. When taxes are paid by means of withholdings from income, as is the plaintiff's situation, the taxes are considered paid on April 15 of the year following the relevant tax year. I.R.C. § 6513(b)(1). Even regarding the latest tax year for which the plaintiff filed an amended return (tax year 2015), the plaintiff's taxes are considered to have been paid on April 15, 2016. More than two years passed before the plaintiff filed her amended return on August 15, 2019.

None of the amended returns the plaintiff filed on August 15, 2019 for tax years 2007, 2008, and 2011 through 2015 was timely under the relevant I.R.C. provisions. As a result, for these tax years, the plaintiff's claims fail to satisfy the timeliness prerequisites to maintain jurisdiction for a suit in this court.

For tax year 2009, the IRS records do not reflect, and the plaintiff does not allege, that the plaintiff filed a refund claim for that year. (*See generally* Compl.; App'x at 19.) Accordingly, for this year as well, the plaintiff has not met the jurisdictional prerequisite of having a "duly filed" refund claim.

For tax year 2016, the plaintiff did not file a tax return but appears rather to have attempted to file an amended tax return on November 27, 2019. (App'x at 28.) IRS records reflect that this "[a]mended return [was] sent back to originator." (*Id.*) IRS records do not reflect that the plaintiff successfully filed an amended return or refund request for the 2016 tax year. (*Id.*) Accordingly, for this year as well, the plaintiff has not "duly filed" a claim for a tax refund.

For these reasons, the plaintiff's refund claims for tax years 2007 through 2009 and 2011 through 2016 are untimely. As a result, the Court may not exercise subject-matter jurisdiction over the plaintiff's claims for a refund for these tax years.

### B. Failure to State a Claim

The plaintiff cannot prevail on her claims for any of the remaining years she seeks a tax refund because her complaint fails to state a claim upon which relief can be granted.

I.R.C. § 163 allows a taxpayer to deduct from tax liabilities the interest paid by the taxpayer on qualifying mortgage payments. This mortgage-interest deduction, like other itemized tax deductions, may only be used to reduce the calculation of an individual's taxable income on which tax liability is assessed. I.R.C. § 161; *see also* I.R.C. § 63. When an individual's taxable income falls below the filing threshold, as the plaintiff's income did for each

year between 2007 and 2018, the taxpayer's tax liability is zero. *See* I.R.C § 6012. Applying the mortgage-interest deduction cannot reduce such a taxpayer's tax liability any further.

The plaintiff here is seeking to transform the deduction available for mortgage interest into a refundable tax credit. *See* I.R.C. §§ 31-37 ("Credits Against Tax"). Under a refundable tax credit, if the amount allowable as a refundable credit exceeds the taxpayer's liability for tax in a year, the amount of the credit in excess is considered an overpayment of tax. I.R.C. § 6401. When such an overpayment occurs, the IRS "shall . . . refund any balance to such person" who is considered to have made an overpayment. I.R.C. § 6402.

The plaintiff's mortgage-interest claim does not qualify as a refundable tax credit under the law. The plaintiff's continued payment of her mortgage interest does not constitute a refundable overpayment of her taxes warranting further payment from the IRS.

The plaintiff alleges that her mortgage lender indicated to her that she "paid to [the] IRS, and, [the] IRS was supposed to pay [sic]" (Compl. at 3). IRS records reflect, however, that the only tax payments the plaintiff made from 2007 to 2018 were made through withholding. (*See* App'x at 15-32.) Because the plaintiff's income fell below the filing threshold for each of these years, the IRS duly refunded to the plaintiff any amounts withheld from her income and provided refunds for applicable tax credits plus interest for the years the plaintiff filed returns. (*Id.*) As noted, applying the mortgage-interest deduction to the plaintiff cannot reduce her tax liability below zero and does not result in further payments by the IRS to the plaintiff.

In her opposition to the motion to dismiss, the plaintiff cites IRS Publication 936 (2020), which provides guidance to taxpayers on the mortgage-interest deduction, in support of her claim. This IRS Publication refers only to the mortgage-interest deduction, not to a refundable tax credit.

The plaintiff appears to believe that the interest payments she made on her mortgage were somehow transferred from her mortgage lender to the IRS (see footnote 2, *supra*). The source of the plaintiff's misunderstanding is not evident; from the plaintiff's complaint it appears to stem from communications with her mortgage lender, but no communication is provided in support of the claim. The plaintiff's understanding is not accurate. Interest payments on mortgage loans are not paid to the IRS; they are paid to the mortgage lender and reflect the cost of money. The mortgage lender does not itself furnish the interest payments paid by mortgagors to the IRS. The IRS therefore did not receive the plaintiff's interest payments and, accordingly, has no duty to repay those funds to her through the mortgage-interest deduction. IRS Publication 936, on which the plaintiff relies, undercuts her own understanding, as it specifically notes that a taxpayer "will receive a Form 1098 if [she] pay[s] interest *to a person (including a financial institution . . .* ) in the course of that person's trade or business." IRS Publication 936 (2020) at 8 (emphasis added). The document makes no reference to mortgage-interest payments made to the mortgage lender by a mortgagor thereafter being sent to the IRS.

The plaintiff has demonstrated no claim to any refundable tax credits or additional refunds by the IRS. For the claims over which the Court may exercise jurisdiction, the complaint fails to state a claim upon which relief can be granted.

### IV. CONCLUSION

The Court lacks jurisdiction over the plaintiff's claims for tax years 2007 through 2009 and 2011 through 2016.  With respect to these claims, the complaint is **DISMISSED** without prejudice pursuant to RCFC 12(b)(1) and 12(h)(3).

With respect to the plaintiff's claims for 2010, 2017, and 2018, no possible construction of the complaint supports a claim for the relief the plaintiff seeks.  Accordingly, her claims for these tax years are **DISMISSED** with prejudice pursuant to RCFC 12(b)(6).

The Clerk of Court is **DIRECTED** to enter judgment accordingly.  No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling<br>
**Richard A. Hertling**<br>
**Judge**